IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 1:03-CV- |
| ) | **1:03-CV-1792 BBM** |
| AT&T WIRELESS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff David Johnson, by and through his undersigned counsel, and pleads as follows.

### I. PRELIMINARY STATEMENT

1. This is an action seeking remedy and redress for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

2. Plaintiff alleges race discrimination and retaliation by Defendant.

### II. JURISDICTION AND VENUE

3. Plaintiff has satisfied the jurisdictional pre-requisites to suit, having timely made an EEOC complaint and having received a Notice of Right to Sue.

4. The federal question jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

5. Plaintiff is a resident of the State of Georgia and submits to the jurisdiction of this Court by filing suit.

6. Defendant AT&T Wireless is present and doing business in the State of Georgia at 5950 Live Oak Parkway, Norcross, Georgia 30093.

7. All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

8. Accordingly, venue is proper in this Court.

### III. PARTIES

9. Defendant is a national telecommunications company engaged, in part, in the business of the sale and service of wireless telephones to corporate and individual clients.

10. Plaintiff is an African-American male and former employee of Defendant

### IV. FACTUAL ALLEGATIONS

11. Plaintiff was hired by Defendant in May 1998 as an Account Executive and promoted to the position of Sales Manager in 2000.

12. Throughout his years of employment with Defendant, Plaintiff's job performance was fully satisfactory.

13. Plaintiff's immediate supervisor was Robert Carpenter, a Caucasian.

14. During Plaintiff's employment, Mr. Carpenter made frequent disparaging

remarks about African-American employees and African-Americans in general.

15. Mr. Carpenter's racist comments in 2000 and 2001 included, but were not limited to: repeatedly telling Plaintiff that he saw a Black person arrested on television the previous night and musing as to which member of Plaintiff's family it was; directly confronting Plaintiff with the blunt question "What do Blacks do all day?;" upon entering a restaurant with Plaintiff and other colleagues, expressly noting the absence of any Blacks in the restaurant; and stating that Black sales representatives needed White sales representatives to accompany Blacks on sales calls because Whites are more comfortable dealing with Whites and did not want to deal with Blacks.

16. Although Plaintiff complained to Mr. Carpenter about his racist comments, Mr. Carpenter did not alter his conduct.

17. Mr. Carpenter's conduct constituted a continuing pattern of discrimination.

18. On or about January 2000, Mr. Carpenter accused Plaintiff of dishonesty and failure to report an unauthorized transaction that was made by one of Plaintiff's subordinates.

19. In fact, Plaintiff had reported the unauthorized transaction to Mr. Carpenter when he was made aware of the unauthorized offer and was investigating the transaction.

20. Nonetheless, Mr. Carpenter maintained that he thought Plaintiff was lying about when the transaction was first discovered and caused Plaintiff to be terminated for allegedly lying and for failing to immediately report the transaction in question.

21. Mr. Carpenter caused Plaintiff's termination because of Plaintiff's race and in retaliation for Plaintiff complaining about Mr. Carpenter's expressed racism.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

22. Plaintiff restates and re-alleges paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. By the conduct stated, Defendant has discriminated against Plaintiff because of his race in violation of Title VII.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII

24. Plaintiff restates and re-alleges paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. By the conduct stated, Defendant has violated the anti-retaliation provisions of Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for him as to those claims described above, and

a) Award Plaintiff back pay;

b) Award Plaintiff compensatory and punitive damages;

c) Award Plaintiff such other equitable relief that this Court deems just and proper; and

d) Grant Plaintiff a trial by jury.

Respectfully submitted, this ___25th___ day of June, 2003.

_____
John D. Wales
Georgia Bar No. 730785
Barbara M. Heyne
Georgia Bar No. 350415

Attorneys for Plaintiff

LAW OFFICES OF JOHN D. WALES
1950 Spectrum Circle, Suite 400
Marietta, Georgia 30067
(770) 850-2545